**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IMH Special Asset NT 168 LLC, | No. CV-16-04164-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Aperion Communities LLLP, et al., | |
| Defendants. | |

IMH Special Asset NT 168, LLC and IMH Special Asset NT 161, LLC (collectively, "IMH") ask the Court to award attorneys' fees and costs against Hart Interior Design, LLC 401(k) Profit Sharing Plan, by and through Athena Hart-Kolle, Trustee ("the Plan"), pursuant to 28 U.S.C. § 1447(c) and Local Rule 54.2(b). Doc. 42 at 1. The motion has been fully briefed (Docs. 42, 48, 49, 50), and the Court concludes that oral argument is not necessary. For the reasons set forth below, the Court will grant IMH's motion.

**I.     Background.**

IMH filed a motion to remand (Doc. 11) after the Plan removed a complex state receivership case from Maricopa County Superior Court (Doc. 1). The case is *IMH Special Asset NT 168, LLC v. Aperion Communities, LLLP, et al.*, No. CV2010-010990 ("the State Court Action"). The Court granted the motion to remand, finding that only a defendant may remove a claim to federal court and that the Plan was not a defendant.

Doc. 35 at 4. The Court's previous order provides a summary of the relevant background information. *Id.* at 1-4.

## II.     Reasonable Basis for Removal.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. Although district courts retain discretion to award fees under this statute, the decision "should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). When assessing objective reasonableness, a court considers "whether the relevant case law clearly foreclosed the defendant's basis of removal," taking into account "clarity of the law at the time of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008).

IMH argues that the Plan lacked on objectively reasonable basis for removal because the Plan did not satisfy three clear requirements for removal – the Plan was not a defendant, the removal was untimely, and the Plan did not obtain the consent of all defendants to remove. Doc. 42 at 9. The Plan contends that its removal raised an issue of first impression in the Ninth Circuit that was not foreclosed by relevant case law and was actually supported by precedent from other circuits. Doc. 48 at 6-11. As a result, the Plan contends, its basis for asserting standing to remove was objectively reasonable. *Id.* at 5. The Plan also argues that it had objectively reasonable grounds for asserting that removal was timely and that it did not need consent of other defendants. *Id.* at 12-16. In its order, the Court found that the Plan was not a defendant and did not reach the issues of whether the Plan timely removed or should have sought consent from other defendants. Doc. 35. The Court did note, however, that there "appear[ed] to be serious questions of whether the Plan's attempted removal was timely and whether it should have been joined by all other interested parties." *Id.* at 7.

As this Court has already emphasized, "[f]ederal law makes clear that only a defendant may remove a claim to federal court." *Id.* at 4. The Plan does not appear to dispute this. Doc. 48 at 8 (recognizing the "general rule prohibiting a non-party from removing"). Federal law determines who is a plaintiff and who is a defendant. *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954). Thus, the question before the Court is whether it was reasonable for the Plan to argue that it was a defendant under federal law. The Court finds that it was not.

First, the Plan conceded that it was not a party to the underlying deficiency actions, but argued that it was a party to the post-judgment receivership resulting from those deficiency actions. Doc. 35 at 4. The Court rejected this argument, finding "that the receivership proceedings [do not] constitute a separate case from the 2010 deficiency actions for purposes of removal. Rather, the receivership proceedings are an extension of the relief granted to the Judgment Creditors, intended to ensure the adequate provision of remedies ordered by the Court as a result of the deficiency actions." *Id.* at 5. The Court noted that the case number and name of the State Court Action had remained constant since 2010, and there were no allegations that the named parties had changed. *Id.*

The Plan contends that there was no Ninth Circuit precedent explicitly stating that a claimant in a receivership could not be a party for purposes of removal. Doc. 48 at 6. This lack of precedent, the Plan asserts, renders its argument reasonable. *Id.* The Court disagrees. The State Court Action on its face confirmed that the Plan is not a party. The entire State Court Action, not just the receivership proceedings, was removed to this Court. The Plan identifies no precedent suggesting that receivership proceedings should be considered separate from the underlying action from which they arose. And even if the receivership proceedings were considered independent, the Plan has not shown that, as a claimant, it would be considered a defendant in those proceedings.

The Plan cites two cases to support its proposition – a 1937 case from the Fifth Circuit and a 1968 case from the District of Minnesota. Doc. 48 at 9-10 (citing *Bethke v. Grayburg Oil Co.*, 89 F.2d 536 (5th Cir. 1937), and *Magnusson v. Am. Allied Ins. Co.*,

286 F. Supp. 573, 574 (D. Minn. 1968)). The Plan did not cite *Magnusson* in its opposition to IMH's motion to remand, and neither case supports the Plan's argument here. The *Bethke* court concluded that individuals who filed a proof of claim in a receivership proceeding in federal court had intervened sufficiently to be bound by the outcome of that proceeding. 89 F.2d at 539. The case says nothing about whether a claimant may be a party for purposes of removal, but rather adopts the logical conclusion that an individual who participates in a proceeding should be bound by its outcome. *Magnusson* deals with the attempted removal of a state receivership proceeding. 286 F. Supp. at 573. The district court addressed only whether a claimant was in the position of a plaintiff or a defendant for purposes of removal. *Id.* at 574. Concluding that the claimant was a plaintiff and thus could not have properly removed the claim, the court remanded without reaching other arguments. Contrary to the Plan's assertion, the case says nothing about whether a claimant is considered a party for purposes of removal. Moreover, only a counterclaim was removed to federal court, not the underlying action itself. *Id*. *Magnusson* specifically stated that it was assuming, without deciding, that the counterclaim constituted an independent cause of action. *Id*. This assumption allowed the court to consider only whether the claimant was in the position of a plaintiff or a defendant in the context of a removed counterclaim. *Id.*[1]

The Plan also opposed the remand motion on the ground that, even if it was not a formal party, it should have been considered one under the functional test. The Plan relied on a 1907 Supreme Court case allowing for realignment of *parties* for purposes of removal when state law had improperly positioned those parties  Doc. 28 at 4 (citing *Mason City & Fort Dodge RR Co. v. Boynton*, 204 U.S. 570 (1907)). The Plan cited no case law suggesting this "functional test" may be applied to nonparties. In rejecting the Plan's argument, the Court relied on a 2012 case from the Central District of California – a case not discussed by the Plan but easily found by the Court through a Westlaw search

---

[1] The Court also has difficulty with the suggestion that the Plan's actions could be deemed reasonable on the basis of a case it did not cite, and presumably had not found, when it removed the state action or opposed the motion to remand.

- 4 -

– holding that the functional test of *Mason City* could not be used to recharacterize a nonparty as a defendant for purposes of removal. *Anaya v. QuickTrim, LLC*, No. CV 12-1967-CAS DTBX, 2012 WL 6590825 (C.D. Cal. Dec. 17, 2012). *Anaya* cited a series of federal cases uniformly holding that non-parties cannot remove state cases to federal court. Doc. 35 at 6-7.

The Ninth Circuit has made clear that "defendant" should be construed strictly for purposes of removal. *See Westwood Apex v. Contreras*, 644 F.3d 799, 804 (9th Cir. 2011) ("'defendant' for purposes of designating which parties may remove a case under § 1441 has been limited by a majority of the courts to mean only 'original' or 'true' defendants; 'defendant' in Chapter 89, thereby, excludes plaintiffs and non-plaintiff parties who become defendants through a counterclaim."). In light of this strict approach, the Ninth Circuit's general presumption against removal, *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992), and the clear inapplicability of the cases relied on by the Plan, the Court finds that the Plan did not have a reasonable basis for removing the State Court Action. Because the Court finds that removal was not reasonable, it need not address IMH's other arguments. *See* Doc. 42 at 4.

**III.   Amount of the Fee Award.**

IMH originally sought $34,173.68 in attorneys' fees and $3,068.90 in costs. Doc. 42 at 12. IMH has submitted an additional request for $6,977.08 in attorneys' fees related to drafting IMH's reply. Doc. 50 at 1.

The Court views these fee requests as clearly excessive. The remand required one motion. IMH did not even file a reply. And fees incurred in this case while it was removed, such as disputes over an emergency arising from the rupture of certain wells, would have been incurred if the case was pending in state court – they were not caused by the removal. The Court will award $15,000 in attorneys' fees. The Court views this amount as reasonable for IMH's 17-page motion to remand. *See* Doc. 11.

**IT IS ORDERED** that IMH's motion for attorneys' fees and costs (Doc. 42) is **granted.** IMH is awarded attorneys' fees and costs in the amount of $15,000.

Dated this 1st day of March, 2017.

_____
David G. Campbell
United States District Judge